IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARKARA MAN,<br><br>*Defendant.* | Criminal No. 1:18-MJ-289<br><br>The Honorable John F. Anderson |

## PROTECTIVE ORDER

Before the Court is the parties' Joint Motion for a Stipulated Protective Order, which restricts the disclosure and dissemination of the documents, electronic records, and other information produced by the United States to the defendant for purposes of discovery in this case. These documents, electronic records, and other information (hereinafter, "Protected Documents"), shall be subject to the following Order:

1. The government shall disclose Protected Documents to the defendant as part of its discovery obligations, in accordance with the Federal Rules of Criminal Procedure, relevant case law, and any discovery order that this Court enters. Where Protected Documents are produced electronically on disc, only the physical disc (and not the individual electronic files) must be labeled "PROTECTED DOCUMENTS."

2. The disclosure or provision of documents or materials by the government to the defendant shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

3. Access to Protected Documents shall be restricted to persons authorized by this Order, namely, the defendant, the defendant's attorney(s) of record in this case, the employees of the attorney(s) of record who are performing work on behalf of the defendant, and any experts or consultants who are performing work on behalf of the defendant in this matter.

4. The following restrictions are placed on the defendant, defendant's attorney(s), and the above-designed individuals, unless and until further ordered by the Court. The defendant, defendant's attorney(s), and the above-designated individuals shall not:

    a. make copies of Protected Documents for, or allow copies of any kind to be made by, any other person;

    b. take photos of the Protected Documents, manually copy information contained thereon, or otherwise reproduce any information contained in the documents including, but not limited to, any personal identifying information contained therein;

    c. allow any other person to read Protected Documents; and

    d. use the Protected Documents or information contained therein for any purpose other than preparing to defend against the criminal charges in this matter.

5. In addition, the defendant is prohibited from reviewing any Protected Documents outside of the presence of any of the above-designated individuals.

6. Defendant's attorney(s) shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

7. Nothing in this Order shall restrict use by the defendant's attorney(s) of Protected Documents or information during the defendant's investigation of the allegations and preparation of his defenses or introduction as evidence at trial, except that the defense will notify the

government prior to trial of any Protected Documents that it wishes to introduce at trial so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary. Where appropriate, however, defendant's attorney(s) must redact any personal identifying information in the Protected Documents, in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide To February 15, 2005 Local Rule Amendments Concerning Personal Identifiers.

8. Prior to the disclosure of any Protected Documents to a person not identified in Paragraph 3 of this Order, counsel for the defendant must first receive permission from the government or from the Court for such disclosure. Such permission may be requested *ex parte*.

9. Upon conclusion of this action, and consistent with the ethical responsibilities of defense counsel, defendant's attorney(s) shall return to government counsel, or destroy and certify to government counsel the destruction of, all Protected Documents within a reasonable period of time, not to exceed 30 days after the last appeal is final.

**IT IS SO ORDERED.**

Date: July 18, 2018
Alexandria, Virginia

_____/s/_____
John F. Anderson
United States Magistrate Judge