# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br>vs.<br><br>MARKARA MAN,<br><br>    *Defendant.* | CASE NO.:1:18-CR-308<br><br>MOTION FOR BAIL PENDING SENTENCING 18 U.S.C §3145(c); MEMORANDUM OF POINTS AND AUTHORITIES [PROPOSED ORDER]<br><br>DATE: August 31, 2018<br>TIME: 3:00 pm<br>HONORABLE T.S. Ellis, III |

  Markara Man, by and through his attorney, Edward M. Robinson, respectfully moves this Court for an Order continuing Mr. Man on the same release conditions set by the Court in the Central District of California. As set forth herein, there are exceptional reasons why Mr. Man should remain released on the previously imposed conditions. Mr. Man, through this motion and based upon any evidence or argument presented at his change of plea hearing, is prepared to establish by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community.

  Mr. Man acknowledges that, as set forth in his plea agreement in paragraph 2, his case and the charge to which he is pleading guilty, is governed by 18 U.S.C. §3143(a)(2) and 3145(c). He, in light of this, understands that he, through counsel, must show by clear and convincing evidence, why his detention pending sentencing would not be appropriate.

Once the district court has detained a defendant after conviction, it may then release that defendant pursuant to 18 U.S.C. §3145(c). *United States v. Garcia*, 340 F.3d 1013 (9th Cir. 2003). In *Garcia*, the Court of Appeals explained, "the court should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors…it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal." *Garcia* at 1014 fn.1.

In *United States v. Carey*, 2014 WL 295381, the United States District Court in the Southern District of California, in reliance on the *Garcia* opinion, listed some examples of "exceptional reasons" that make pre-sentencing incarceration "unreasonable." The examples include, aberrant conduct, nature and circumstances of the offense and the hardships of pre-sentence incarceration where, "incarceration would impose exceptional risks on a defendant involving his physical or mental well-being-risks that might arise as a result of the nature of his crime or even as a result of his possessing certain physical, psychological, or other characteristics." *Carey* at,____, citing *Garcia* at 1019-1020. The District Court in *Carey* noted with respect to the unusually harsh consequences to a particularly vulnerable defendant:

> "[c]hief among such circumstances is a sufficiently serious illness or injury. A severely ill or injured defendant might have exceptional reasons even if the requisite medical treatment is available in prison. District judges may consider such factors as the desirability of maintaining an uninterrupted course of treatment while a defendant remains in the case of a particular physician who is providing individual medical supervision to the patient."

Counsel for Mr. Man is prepared to proffer a report of a psychological evaluation by Dr. Paul Lane. In that report, Dr. Lane opines that Mr. Man is undoubtedly suffering from a mental condition that contributed directly to his commission of the acts supporting his conviction.

These actions by Mr. Man appear to be the product of his mental illness and are also aberrant. He has no history of anything like this. Given his mental condition, which manifests itself in the manner set forth in Dr. Lane's report, it is almost certain that Mr. Man will be at a much greater risk of hardship while incarcerated pending sentencing. He has abided by his release conditions which include electronic monitoring and regular psychiatric and psychological counseling. Now that he is medicated properly and receiving treatment, his extreme depression and suicidal ideation have greatly subsided.

Mr. Man is being successfully treated while on release, pursuant to the terms in place. He has plead guilty at the earliest opportunity and has accepted responsibility for his crime. The district court in *United States v. Kaquatosh*, 252 F.Supp. 2d 775 (E.D. Wis. 2003) released a defendant pending sentencing on serious assault charges where the defendant had successfully completed a substance abuse program that was related to the underlying offense. As set forth in Dr. Lane's report, Mr. Man, now that he is medicated and being treated, is progressing well.

## CONCLUSION

Mr. Man is not a danger or a flight risk. This is clear. He has responded to treatment in an extraordinary way. His behavior was aberrant. Local incarceration pending sentencing will subject Mr. Man unnecessarily to hardships that flow directly from who he is and from what he suffers. These are the "exceptional reasons" that Congress and the courts have identified as reasons for release pending sentencing.

Therefore, Mr. Man respectfully asks this Court to release him pending sentencing on the conditions of release set by the Magistrate Judge on which Mr. Man has been in full compliance.

August 30, 2018					Respectfully Submitted,

				By:	/s/ Evan M. Lisull
					Evan M. Lisull (VBN 86194)
					KALBIAN HAGERTY LLP
					888 17th Street NW, Suite 1000
					Washington, DC  20006
					Tel: (202) 223-5600
					Fax: (202) 223-6625
					Email: elisull@kalbianhagerty.com

					Edward M. Robinson
					Law Office of Edward M. Robinson
					21515 Hawthorne Boulevard, Suite 730
					Torrance, CA 90503
					Tel: (310) 316-9333
					Fax: (310) 316-6442
					E-mail: eroblaw@gmail.com

					ATTORNEYS FOR DEFENDANT
					MARKARA MAN

## CERTIFICATE OF SERVICE

  I hereby certify on this 30th day of August 2018 that I have electronically filed the Motion for Bail Pending Sentencing 18 U.S.C §3145(c) using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

  Alexander P. Berrang
  Assistant United States Attorney
  United States Attorney's Office
  2100 Jamieson Avenue
  Alexandria, Virginia 22314
  Tel: (703) 299-3700
  E-mail: Alexander.P.Berrang@usdoj.gov

            /s/ Evan M. Lisull
            Evan M. Lisull