**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 1:18-CR-308 |
| ) | |
| v. ) | The Honorable T.S. Ellis, III |
| ) | |
| MARKARA MAN, ) | Plea Hearing: August 31, 2018 |
| ) | |
| *Defendant*. ) | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR BAIL PENDING SENTENCING**

On or about December 20, 2017, the Defendant Markara Man, in response to the repeal of net neutrality regulations, sent an email message to the Federal Communications Commission Chairman threatening to "find" and "kill" the FCC Chairman's children. That was a choice the Defendant made, and it carried the attendant risk of incarceration; an outcome that the Defendant now seeks to delay at least until sentencing. Yet, threatening to murder the children of a federal official for purposes of intimidation, interference, and retaliation is a crime of violence for which detention pending sentencing is mandatory unless exceptional reasons for release are established by clear and convincing evidence. For the reasons stated below, none of the grounds the Defendant has proffered for his release satisfy this high burden. The Court, accordingly, should deny the Defendant's request for bond and detain him pending sentencing.

**BACKGROUND**

On June 20, 2018, the Defendant was charged via criminal complaint with one count of threatening to murder members of the immediate family of a U.S. government official with the intent to intimidate and interfere with the official while engaged in the performance of official

duties and with the intent to retaliate against such official on account of the performance of official duties, in violation of 18 U.S.C. §§ 115(a)(1)(A) and 1114. (*See* Crim. Compl., Dkt. 1.) The Defendant was arrested in California on or about June 29, 2018, and appeared before the Honorable Charles F. Eick for an initial appearance. At the hearing, U.S. Magistrate Judge Eick denied the government's request for detention but stayed bond until July 13, 2018. (*See* June 29, 2018 Min. Entry Order, 2:18-MJ-1694 (C.D. Cal.) at 4, Dkt. 5.) U.S. Magistrate Judge Eick also imposed various conditions of pretrial release, one of which required the Defendant to submit to a mental health evaluation.[1] (*See id.* at 3.)

Then, on July 13, 2018, Pretrial Services for the Central District of California notified U.S. Magistrate Judge Eick that the Defendant had satisfied the conditions of bond and asked the Court to order the Defendant's release. (*See* Pretrial Services' Mem., 2:18-MJ-1694 (C.D. Cal.), Dkt. 14.) The Court, thereafter, held a status conference on July 19, 2018, at which the Court ordered the Metropolitan Detention Center to conduct a psychiatric/psychological examination of the Defendant and produce a report to the Court and the parties no later than July 27, 2018. (*See* July 19, 2018 Min. Entry Order, 2:18-MJ-1694 (C.D. Cal.), Dkt. 15.)

The parties returned to court on July 27, 2018, at which time U.S. Magistrate Judge Eick modified the Defendant's appearance bond and ordered him released pursuant to the conditions previously set. (*See* July 19, 2018 Min. Entry Order, 2:18-MJ-1694 (C.D. Cal.), Dkt. 21.) The Defendant has been residing in California since July 27, 2018, and has been subject to location monitoring.

On August 31, 2018, the Defendant is expected to plead guilty to a single count of § 115(a)(1)(A). Should the Court accept the Defendant's plea, the government intends to move

---

[1] The government did not appeal the Court's decision to grant bond.

2

for detention on the basis of the criminal charge being a crime of violence. The Defendant has filed a motion opposing detention, arguing that that exceptional reasons warrant his release pending sentencing. (*See* Def.'s Mot., Dkt. 28.) The government opposes the Defendant's request.

## LEGAL STANDARD

The statutory scheme that Congress has created mandates detention of defendants convicted of crimes of violence unless certain exceptions apply, neither of which are pertinent here. *See* 18 U.S.C. § 3143(a)(2). As the Fourth Circuit has recognized, defendants may seek relief from the operation of § 3143(a)(2) by arguing that "exceptional reasons" for release exist under 18 U.S.C. § 3145(c). *See United States v. Goforth*, 546 F.3d 712, 716 (4th Cir. 2008). Defendants seeking such relief, however, have a "heavy burden." *United States v. Manso*, No. 13-CR-83S, 2014 WL 6674715, at *3 (W.D.N.Y. Nov. 25, 2014) (characterizing post-conviction release requests for "exceptional reasons"). They must show "by clear and convincing evidence why . . . detention would not be appropriate based on exceptional reasons." *United States v. Smith*, 34 F. Supp. 3d 541, 553 (W.D. Pa. 2014); *see also United States v. Rodella*, 101 F. Supp. 3d 1075, 1133 (D.N.M. 2015) (placing the burden on the defendant to establish exceptional reasons for release pending sentencing).

Although the statutory text does not define the meaning of "exceptional reasons," courts have interpreted the phrase in accordance with its plain and ordinary meaning.[2] Exceptional

---

[2] Also instructive is a 1989 letter that Assistant Attorney General Carol T. Crawford wrote to the U.S. Senator sponsoring the bill containing § 3143. *See United States v. Garcia*, 340 F.3d 1013, 1018 n.4 (9th Cir. 2003) (reproducing the letter). The letter, which was penned in response to a request for comments on the bill, indicated the Department of Justice's support for the bill, but expressed "concern[]" that the draft legislation did not allow for release pending sentencing in "extraordinary case[s]." *Id.* (internal quotations and citations omitted). The letter also posited two circumstances that would qualify as the "rare instances in which release, under appropriate conditions, would be proper." *Id.* One was a case in which an elderly man had been convicted of a mercy killing of his spouse, and who did not pose a

reasons, by necessity, are "clearly out of the ordinary, uncommon, or rare." *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam). That is, they "exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)); *United States v. Wages*, 271 F. App'x 726, 727 (10th Cir. 2008) (per curiam) (similar). The exceptional reasons inquiry therefore is fact dependent, and courts "have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'" *Id.*

## ARGUMENT

The issue raised by the Defendant's Motion is narrow. He does not dispute Congress's legislative determination that 18 U.S.C. § 115(a)(1)(A) is a crime of violence.[3] Nor does the Defendant claim that one of the exceptions to 18 U.S.C. § 3143(a)(2) applies such that he is not

---

danger to the community or risk of flight and whose case presented a question of first impression in the circuit, and another was a case in which a drug dealer was too wounded to commit additional crimes or flee and whose conviction raised a novel search and seizure issue. *Id.*

[3] The Defendant's decision not to raise this issue comports with § 3156(a)(4), which defines what offenses constitute crimes of violence for purposes of § 3142(f)(1)(A), and Fourth Circuit precedent. Specifically, assuming that *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which invalidated 18 U.S.C. § 16(b), also applies to § 3156(a)(4), it is necessary to conduct a modified categorical analysis of § 115(a)(1)(A) given that the statute is divisible into a number of crimes. *See United States v. Diaz*, 865 F.3d 168, 175 (4th Cir. 2017), *as amended* (July 31, 2017) (discussing the circumstances in which the modified categorical analysis applies).

Under such an analysis, it is evident that § 115(a)(1)(A) constitutes a crime of violence. This is so by virtue of the following logic. The charge to which the defendant is intending to plead guilty is threatening to murder a federal official's immediate family members. *See Shepard v. United States*, 544 U.S. 13, 21 (2005) (explaining that the modified categorical approach permits courts to determine the nature of the offense by considering, among other documents, charging instruments). Although the government is unaware of a reported federal decision in which § 115(a)(1)(A) was deemed a crime of violence, the Fourth Circuit in *In re Irby*, 858 F.3d 231 (4th Cir. 2017), found that second-degree retaliatory murder, in violation of 18 U.S.C. § 1513 & § 1111, is a crime of violence under § 924(c)'s force clause, *id.* at 237 ("Common sense dictates that murder is categorically a crime of violence under the force clause."). Because § 924(c)'s force clause is substantially similar to § 3156(a)(4)'s force clause, if murder falls within the former, certainly threatening to murder easily fits within the latter.

4

subject to mandatory detention pending sentencing. Rather, the Defendant's sole argument is that exceptional reasons exist that justify his release pursuant to § 3145(c).

To this end, the Defendant seems to have proffered six reasons for why he should be released pending sentencing. They are as follows: his lack of criminal history; his early guilty plea; the improbability that he poses a danger to the community or will flee; his unblemished performance on pretrial release; the hardship he will face while incarcerated; and his need for mental health treatment. (Def.'s Mot. at 2–3.) None of these circumstances, however, constitute exceptional reasons for release pursuant to § 3145(c), whether considered alone or in combination.

### A. Aberrational Nature of the Criminal Conduct and Early Acceptance of Responsibility Are Not Exceptional Circumstances

With respect to the Defendant's status as a first-time offender, various courts have found that "the aberrant nature of the criminal offense does not constitute an exceptional circumstance." *United States v. Lopez*, 184 F. Supp. 3d 1139, 1145 (D.N.M. 2016); *see also Wages*, 271 F. App'x at 728; *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (per curiam) (similar); *Lea*, 360 F.3d at 403 ("There is nothing 'exceptional' about . . . being a first-time offender . . . ."). Likewise, neither is a defendant's early admission of guilt an exceptional reason for release pending sentencing. *See United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam) (not exceptional "for defendants to cooperate in the investigation of their criminal acts.").

### B. Lack of Danger to the Community or Risk of Flight and Compliance with Conditions of Pretrial Release Are Not Exceptional Circumstances

It also is of no moment whether the Defendant is a danger to the community or will flee. As an initial matter, the factual basis for the Defendant's assertion that he will not commit

another crime of violence or take flight is unclear. A reasonable estimate of the Defendant's agreed-upon guidelines range is 63 to 78 months; a significant term of incarceration that arguably increases the likelihood of flight. In addition, although the Defendant has complied with the terms of pretrial release, such behavior is not uncommon or rare. Rather, it is expected. *See Larue*, 478 F.3d at 925 (obeying pretrial release conditions is "commendable, but . . . not clearly out of the ordinary, uncommon, or rare" (internal quotations and citations omitted)).

Even if the Court were to find that the Defendant is unlikely to commit another crime of violence, such a determination is irrelevant to the § 3145(c) analysis. The only reason § 3145(c) is at issue is because Congress has made the determination that violators of § 115(a)(1)(A) pose a danger to the community. To release a defendant on the basis that he does not pose such a risk would create an end run around § 3143(a)(2). *Cf. United States v. Koon*, 6 F.3d 561, 564 (9th Cir. 1993) (Rymer, J., concurring in denial of rehearing en banc) (explaining in the context of a request for bail pending appeal, which is governed by § 3143(b)(2), that if establishing a defendant's lack of danger to society or risk of flight were sufficient, then "every violent offender would have as good a chance of getting bail on appeal as every nonviolent offender," which, "of course, would be inconsistent with § 3143(b)(2)).

### C. Hardships Faced in Prison Is Not an Exceptional Circumstance.

As for the Defendant's assertion that his incarceration may result in hardship, the government notes that this contention is without any factual support. Even if it were credited, the fact the Defendant (or possibly his family) will experience hardship is equally insufficient to justify his release pending sentencing.

Incarceration is, by its very nature, a hardship, and neither the defendant's mental health status nor the nature of his conviction is rare or uncommon, particularly when compared to other

offenders. Instructive on this point is *United States v. Brown*, 368 F.3d 992, and *Rodella*, 101 F. Supp. 3d 1075. In *Brown*, the Eighth Circuit reversed the decision of a district court to allow a defendant who had pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), to self-surrender. 368 F.3d at 993. The *Brown* court rejected the district court's "speculation that the nature of Brown's conviction might subject him to mistreatment," finding that his case was common "when compared to every other defendant convicted of offenses involving the sexual exploitation of children." *Id.* Similarly, in *Rodella*, a district court found that a defendant's "position as a former law enforcement officer" was not an exceptional reason for release given that "[i]ncarceration is inherently dangerous" and that the detention center could minimize the risk of harm befalling the defendant by placing him in solitary confinement. 101 F. Supp. 3d at 1136.

Incarceration, undoubtedly, burdens a defendant's family, too. But, such a result is not an exceptional circumstance either. Indeed, not even a defendant's need to care for a family member, such as a daughter having a difficult pregnancy, is sufficient to warrant release under § 3145(c). *See United States v. Taliaferro*, 779 F. Supp. 836, 838 (E.D. Va. 1992) (Beach Smith, J.); *see also United States v. Lippold*, 175 F. Supp. 2d 537, 540–41 (S.D.N.Y. 2001) (refusing to release pending sentencing a convicted drug trafficker who had three young children, one of whom had Bell's Palsy); *United States v. Burnett*, 76 F. Supp. 2d 846, 849 (E.D. Tenn. 1999) (rejecting argument that a defendant should be released pending sentencing "because she [was] the primary care provider for her seventy-seven year old mother and fifth-three year old brother, both of whom [had] a number of health problems and require[d] assistance").

### D. Need for Mental Health Treatment Is Not an Exceptional Circumstance

The Defendant's proffered mental illness does not qualify as an exceptional reason to release him pending sentencing either. This is so for two reasons. First, an overwhelming number of courts have ruled that a defendant's health does not satisfy § 3145(c) unless his condition is extraordinarily serious. *See Wages*, 271 F. App'x at 728 (release not warranted by virtue of defendant's age, use of a wheelchair, need for a special mattress, and limited hearing ability); *United States v. Lieberman*, 496 F. Supp. 2d 584, 587 (E.D. Pa. 2007) (availability of treatment in China for paralysis is unexceptional); *United States v. Mellies*, 496 F. Supp. 2d 930, 936–37 (M.D. Tenn. 2007) (need for extensive dental treatment is unexceptional); *Brown*, 368 F.3d at 993 ("defendant's participation in a [depression] treatment program is not an extraordinary reason"); *United States v. Green*, 250 F. Supp. 2d 1145, 1150–51 (E.D. Mo. 2003) (successful progress in drug treatment is unexceptional).

To be sure, as the Defendant notes, a district court in the Eastern District of Wisconsin has deemed release pending sentence appropriate where a defendant has successfully completed a substance abuse program and desires psychological evaluation and treatment. *See United States v. Kaquatosh*, 252 F. Supp. 2d 775, 779–80 (E.D. Wis. 2003). That decision, however, is an outlier, and does not sufficiently grapple with countervailing precedent to warrant adoption in this jurisdiction. *Lopez*, 184 F. Supp. 3d at 1146 (surveying § 3145(c) decisions and concluding that a "defendant's physical conditions, unless extremely irregular, will not often constitute an exceptional circumstance").

Second, as reflected in the Defendant's Motion, his claimed mental health issues do not appear to be uncommon or rare, and, as a result, the government supposes that his treatment needs are not exceptional either. This is notable because courts have recognized that the

availability of medical treatment in a detention facility cuts against the argument for release pending sentencing. *See Rodella*, 101 F. Supp. 3d at 1130 (observing that the defendant will be transferred to a Bureau of Prisons facility, at which he will "receive adequate treatment"); *United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999) (similar). It is the government's understanding that the Alexandria Detention Center, like most detention facilities, is generally equipped to provide defendants with mental health services and to dispense needed medications.

### E. Release Is Not Warranted Even Under the Ninth Circuit's Decision in *Garcia*

The Defendant generally cites *Garcia* in support of his request for release pending sentencing. The government, however, is not aware of a Fourth Circuit case approving *Garcia*'s methodology for assessing exceptional reasons for release pending sentencing. Further, even if the *Garcia* factors were applied in this case, they cut against the Defendant's argument for release.

This is because none of the exceptional circumstances hypothesized in *Garcia* seem to be present in the Defendant's case:

- Although the defendant does not appear to have a prior criminal history, his threat to find and murder the FCC Chairman's children due to the repeal of net neutrality regulations is not a "violent[], but uncharacteristic[], [act] in reaction to an unusually provocative circumstance." *Garcia*, 340 F.3d at 1019. It is a chilling crime of violence without justification.

- Likewise, neither "the circumstances surrounding the act were highly unusual," nor was the crime violent but "not involv[ing] any specific intent." *Id.*

9

- The Defendant has not shown that he "led an exemplary life prior to his offense and would be likely to continue to contribute to society significantly if allowed to remain free on bail." *Id.*

- Moreover, this not a case in which the maximum sentence (10 years) or a reasonable estimate of the guidelines sentence (5 to 6 years) is "very short," nor is it a case in which the defendant is reserving his right to appeal the merits of his conviction. *Id.* at 1019–20.

- The Defendant also has not established that he is suffering from a "sufficiently serious illness or injury," such as lymphoma, which is what Garcia was undergoing chemotherapy for at the time he was convicted. *Id.* at 1020.

Granting the Defendant's request for release pending sentencing not only would be inconsistent with the weight of precedent, but it also would lead to inequitable results. "[P]ersonal and familial hardship and disruption to an individual's . . . affairs are the natural, if unfortunate, consequences of finding oneself at the mercy of the criminal justice system." *United States v. Christman*, 712 F. Supp. 2d 651, 656 (E.D. Ky. 2010). If personal hardships, like non-unique medical conditions, qualified to prevent or delay detention, then a disparity would arise in which an offender with no medical conditions would go to jail immediately, but an offender convicted of the same offense with an unexceptional medical condition would remain on bail. Such a result would be contrary to the goals of our justice system.

## CONCLUSION

The Defendant chose to intimidate, interfere with, and retaliate against a federal official by threatening to find and murder the official's children. In so doing, the Defendant committed a disturbing crime of violence. The Defendant is expected to plead guilty to this conduct, and

Congress has enacted a law that provides for his mandatory detention pending sentencing. Because the Defendant cannot meet his high burden of demonstrating exceptional reasons for his release, the Court should deny his request for bond and remand the Defendant pending sentencing.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Dated: August 31, 2018         By:  _____/s/_____
                                    Alexander P. Berrang
                                    Assistant United States Attorneys
                                    United States Attorney's Office
                                    2100 Jamieson Avenue
                                    Alexandria, Virginia 22314
                                    Phone: (703) 299-3700
                                    Fax: (703) 299-3981
                                    Alexander.P.Berrang@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the following counsel of record:

Edward M. Robinson, Esq.
Law Office of Edward M. Robinson
21515 Hawthorne Boulevard, Suite 730
Torrance, California 90503
Tel: (310) 316-9333
Fax: (310) 316-6442
Email: eroblaw@gmail.com

Evan M. Lisull, Esq.
Kalbian Hagerty LLP
888 Seventeenth Street, NW, Suite 1000
Washington, DC 20006
Tel: (202) 223-5600
Fax: (202) 223-6625
Email: elisull@kalbianhagerty.com

By:         /s/
Alexander P. Berrang
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Email: Alexander.P.Berrang@usdoj.gov